UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-346-JMS-MPB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILLIAM CONNOR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00346-JMS-MPB |
| | ) | |
| WILLIAM CONNOR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant William Connor seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Connor's motion is **denied**.

**I. Background**

In March 2020, Mr. Connor pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkts. 43, 44. According to the presentence investigation report, a law enforcement official conducted a traffic stop after observing Mr. Connor's vehicle drift across traffic lanes. Dkt. 40. The officer requested the driver's identification, which he failed to produce. Mr. Connor told the officer his name was William Myers and his operator's license was issued in Kentucky. The officer requested dispatch verify this information; however, they were unsuccessful. Mr. Connor was detained at that time. The officer observed a wallet in his back pocket and requested to search it, which Mr. Connor approved. Within the wallet, the officer located a credit card and multiple other documents with the name William Connor. Mr. Connor claimed the documents were not his. Mr. Connor eventually admitted his true name to be William Connor and provided his real birth date. The officer requested that dispatch run the new information, which revealed that Mr. Connor had an active warrant. A subsequent search of the

vehicle revealed a 9mm Taurus semi-automatic handgun; a black nylon holster; a Winchester 30-06 rifle; a Marlin .17 caliber rifle; CO2 cartridges; black powder; BBs; fuses; explosive devices; throwing knives and multiple knives of various sizes; 3.95 grams of methamphetamine; marijuana; and drug paraphernalia (scale/syringe/pipe/empty baggies). The Court sentenced Mr. Connor to 120 months of imprisonment and a 3-year term of supervised release. Dkt. 44. The Bureau of Prisons (BOP) lists Mr. Connor's anticipated release date, including good-conduct time, as January 1, 2027. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 2, 2022).

Retained counsel filed a motion for compassionate release on behalf of Mr. Connor. Dkt. 50. In his motion, Mr. Connor argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (asthma, chronic obstructive pulmonary disease ("COPD"), obesity, hypertension, advanced age (56) and hepatitis C.). Dkt. 50 at 1. Mr. Connor also argues that his desire to help care for his ailing sister is an extraordinary and compelling reason warranting compassionate release. Dkts. 50, 60, 61. The United States filed a brief in opposition to the motion, dkt. 57, and Mr. Connor filed a reply and supplement, dkts. 60, 61. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[]

the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Connor's first reason for requesting release—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Connor is fully vaccinated, dkt. 50 at 9, and he has presented insufficient evidence that he is unable to receive or benefit from the vaccine.

Mr. Connor argues that he is "unable to benefit from a vaccine due to a decreased immune response brought on by his weight and medications being used to control his asthma and COPD." Dkt. 50 at 9. To support his claim about reduced immunity for overweight individuals, Mr. Connor cites to a small study from Rome suggesting that the COVID-19 vaccine may be only about half as effective in people with obesity than those at a healthy weight. Dkt. 50 at 11. But that study is not peer-reviewed, *see id.*, and the Court declines to find it sufficient to carry the burden of showing that Mr. Connor cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect

people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

Mr. Connor also argues that he cannot benefit from the vaccine due to his usage of Fluticasone Propionate Spray for his respiratory illnesses. Dkt. 50 at 12. According to Mr. Connor, Fluticasone Propionate is "a potent corticosteroid" that helps to suppress the immune system. *Id.* This suppression means that the amount of protection that Mr. Connor receives from the vaccine is decreased. *Id.* Whether or not Mr. Connor's statement about the spray reducing the protection from the vaccine is correct is not relevant here, as it appears that Mr. Connor was only using that spray for 30 days beginning in September 2020. Dkt. 50 at 12 citing dkt. 50-1 at 1. The United States pointed out that Mr. Connor was only using the spray for that limited period of time in its opposition brief, dkt. 57 at 11, and Mr. Connor does not dispute that fact in his reply. Thus, it is not clear to the Court how Mr. Connor's usage of the spray for a 30-day-period six months before he got his first COVID-19 vaccine would lower the vaccine's effectiveness.

Finally, Mr. Connor also argues that studies suggest waning immunity from COVID-19 vaccines over time. Dkt. 50 at 10-11. Those studies, however, also concluded that protection against severe illness, which is the question for the Court when considering whether Mr. Connor has established extraordinary and compelling reasons for release, remained high. *Id.* Regardless, Mr. Connor received a booster in December 2021, dkt. 60-4 at 1, thereby addressing his concerns about waning immunity.

In sum, Mr. Connor "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States*

*v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Connor has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Connor's desire to be released so he can help with his sister's care as she recovers from back-to-back surgeries is also not an extraordinary and compelling reason to grant him release, alone or in conjunction with any other reason. While it is admirable that Mr. Connor would like to be there for his sister in her time of need, this is not a situation where there are no other available caregivers. Even if Mr. Connor's girlfriend is unable to continue to care for his sister, by his sister's own admission, she can go to nursing facility for her recovery. Dkt. 61-1. Moreover, even if there were no other available caregivers, the Court would not find this to be a valid reason for granting Mr. Connor compassionate release. Many inmates have aging and sick family members whom they might like to support. The desire to care for an elderly or ill sibling, however, is not an extraordinary and compelling reason warranting a sentence reduction. *Cf. United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Given the determination that Mr. Connor has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Connor is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Mr. Connor

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to

represents that he has not had any disciplinary infractions while in BOP custody and has been given a low security classification and rated a low risk for recidivism. Dkt. 60 at 6. Mr. Connor has maintained employment in the prison's mechanic garage, and he drives a prison vehicle to work each day. *Id.* Mr. Connor would have familial support if released from his girlfriend and sister and plans to immediately seek employment. Dkt. 50 at 2. Weighing heavily against him, however, Mr. Connor's crime was serious, and he has a substantial criminal history that includes felony convictions for burglary, conspiracy to commit robbery, robbery, attempted escape, felon in possession of a firearm and dealing in a controlled substance with a habitual offender enhancement. Dkt. 40 at 6-9. With his prior federal felon in possession conviction, Mr. Connor had multiple violations of supervision for allegations of drug use, acquiring new criminal charges, failure to follow reentry center rules, failing to answer probation officer questions truthfully, and failing to complete substance abuse treatment. Dkt. 40 at 8. Mr. Connor also had multiple violations of probation with his state convictions. Dkt. 40 at 6-9. Mr. Connor agreed to a sentence of 120 months in his plea agreement, which was above the guidelines range, because he had two pending state charges, both of which carried substantial jail time, that were dismissed as a result. Dkt. 57-4 at 14:5-11. Mr. Connor is not due to be released from custody until January 2027 and thus releasing him now would be a substantial reduction.

      In light of these considerations, the Court finds that releasing Mr. Connor now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the

---

promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Connor's motion for compassionate release, dkt. [50], is **denied.**

**IT IS SO ORDERED.**

Date: 8/4/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel